UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANNE LAUREN KRAUSE,

                Plaintiff,

      v.

KCG DEVELOPMENT, LLC, and
LANDSMAN REAL ESTATE COMPANY,

                Defendants.
_____

DECISION
and
ORDER

23-CV-983-JLS-LGF

APPEARANCES:    ANNE LAUREN KRAUSE, *Pro Se*
                          85 Oakridge Drive
                          #2
                          West Seneca, New York  14224

                          HISCOCK & BARCLAY LLP
                          Attorney for Defendants
                          SCOTT P. ROGOFF, of Counsel
                          2000 HSBC Plaza
                          100 Chestnut Street
                          Rochester, New York  14604

## JURISDICTION

This case was referred to the undersigned by Honorable John L. Sinatra, Jr. on August 9, 2024, for all pretrial matters, including preparation of a report and recommendation on dispositive motions. (Dkt. 6). The matter is presently before the court on Plaintiff's motions for default judgment[1] filed September 12, 2024 (Dkt. 11), and for an extension of time and to appoint counsel filed September 16, 2024 (Dkt. 13).

---

[1] Although a motion for default judgment is dispositive, because, as discussed, Discussion, *infra*, at 4, the court is treating Plaintiff's motion for default judgment as a motion for entry of default, which is non-dispositive, *see Federal Election Commission v. LatPAC*, 2022 WL 72304, at * 2 (S.D.N.Y. Jan. 7, 2022) ("Because entry of a default under Rule 55(a) is non-dispositive, a magistrate judge also may direct the Clerk of Court to enter a default pursuant to the referral for general pretrial management." (citing *Scalia v. Mucino*, 2021 WL 222012, at *1 (W.D.N.Y. Jan. 22, 2021) (directing Clerk of Court to enter default

**BACKGROUND and FACTS**[2]

Plaintiff Anne Lauren Krause ("Plaintiff" or "Krause"), proceeding *pro se*, commenced this civil rights action on September 19, 2023, asserting claims pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), the Rehabilitation Act, 29 U.S.C. § 794, ("Rehabilitation Act"), and the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. ("FHA").  Plaintiff claims Defendants, including KCG Development, LLC ("KCG"), and Landsman Real Estate Company ("Landsman"), by failing to make repairs to Plaintiff's apartment located at 545 Swan Street, Apt. 313 in Buffalo, New York ("the apartment"), failed to accommodate Plaintiff's physical and mental impairments in violation of the ADA, Rehabilitation Act, and FHA.

In a Decision and Order filed June 14, 2024 (Dkt. 3) ("D&O"), District Judge John L. Sinatra, Jr., granted Plaintiff's motion filed contemporaneously with her complaint on September 19, 2023 (Dkt. 2) for permission to proceed *in forma pauperis*, and then screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismissing for failing to state a claim Plaintiff's claims under the ADA and the Rehabilitation Act.  Judge Sinatra's dismissal of Plaintiff's ADA and Rehabilitation Act claims was without prejudice and with leave to file an amended complaint by July 16, 2024.  D&O at 6.  If Plaintiff failed to file an amended complaint, the action would proceed only on Plaintiff's FHA claim.  *Id*. at 8.

Plaintiff did not file an amended complaint and on July 18, 2024, summonses were issued as to KCG and Landsman for service by the U.S. Marshal.  On August 8,

---

pursuant to Fed.R.Civ.P. 55(a) as non-dispositive pretrial matter)), the matter is addressed in as Decision and Order.

[2] The Facts are taken from the pleadings and motion papers filed in this action.

2024, identical Answers to the Complaint were filed by KCG (Dkt. 4), and Landman (Dkt. 5) ("Answers"). An Order filed August 15, 2024 (Dkt. 7), directed the parties to provide proposed case management orders by September 16, 2024. On September 5, 2024, summonses were returned unexecuted as to both Defendants. Dkt. 8. On September 12, 2024, Plaintiff filed a motion for default judgment (Dkt. 11) ("motion for default judgment").

On September 13, 2024, Defendants filed a proposed discovery plan (Dkt. 12) ("discovery plan"). On September 16, 2024, Plaintiff filed a motion seeking an extension of time to provide a proposed case management order and requesting appointment of counsel. (Dkt. 13) ("motion for counsel and extension"). Filed on November 12, 2024, were two copies of the Declaration of Counsel [Scott P. Rogoff, Esq.][3] in Opposition to Plaintiff's Motion for Default Judgment (Dkts. 15 and 16) ("Rogoff Declaration"), each attaching identical exhibits A and B (Dkts. 15-1 through 15-2, and 16-1 through 16-2). By letter to the undersigned dated November 12, 2024 (Dkt. 17) ("Defendants' letter"), Defendants advised they take no position with regard to Plaintiff's motion for counsel and extension. Oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion for default judgment, treated as a motion for entry of default, is DENIED; Plaintiff's motion for appointment of counsel and extension of time is DENIED as to the request for counsel and GRANTED as to the request for an extension of time.

---

[3] All bracketed material has been added.

## DISCUSSION

**1.     Motion for Default Judgment**

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, the Clerk of Court enters a party's default after an affidavit or other evidence shows that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Only after default has been entered can a party seek a default judgment. *See* Fed. R. Civ. P. 55(b); *United States v. $25,348 U.S. Currency*, 2022 WL 16755844, at *2 (W.D.N.Y. Aug. 23, 2022) ("Entry of a party's default pursuant to Rule 55(a) is a mandatory prerequisite for entry of a default judgment pursuant to Rule 55(b)"). Here, because default has not yet been entered, the court, *sua sponte*, treats Plaintiff's motion for default as a request for entry of default, rather than as a motion for default judgment. *See Hughey v. Wagner*, 2024 WL 3647785, at *1 (W.D.N.Y. Aug. 5, 2024) (treating motion for default judgment as motion for entry of default because default had yet to be entered). *See also Blocher v. Rice*, 2021 WL 4463811, at *5 (W.D.N.Y. Sept. 8, 2021) (recommending the plaintiff's motion for default judgment be denied because default had not first been entered, but declining the plaintiff's request, made in reply, to treat the motion as seeking entry of default because the defendants' arguments raised in reply of the plaintiff's motion would support vacating entry of default), *report and recommendation adopted*, 2021 WL 4461691 (W.D.N.Y. Sept. 29, 2021).

Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

4

affidavit or otherwise, the clerk must enter the party's default." *See also Maurizi v. Callaghan*, 2022 WL 1446500, at *7 (W.D.N.Y. Feb. 25, 2022) ("Entry of default is mandatory, not discretionary"). In the instant case, it is clear that the prerequisites for the entry of default have not been met here.

Both Defendants were served and filed Answers on August 8, 2024. *See* Dkts. 4 (KCG), and 5 (Landman). In responding to Plaintiff's motion for default judgment, Defendants' counsel, Rogoff, avers that in addition to filing the Answers on August 8, 2024, because Plaintiff is proceeding *pro se* and not a registered user of the court's CM/ECF filing system, Rogoff also mailed copies of the Answers to Plaintiff at Plaintiff's then address at 545 Swan Street, Apt. 313, Buffalo, New York 14204, *i.e.*, the apartment. Rogoff Declaration ¶ 8. After Plaintiff filed a Notice of Change of Address on September 12, 2024 (Dkt. 10), on September 13, 2024, Rogoff sent Plaintiff a letter at her new address, enclosing copies of Defendants' Answers and advising Plaintiff that on August 8, 2024, Defendants filed the Answers on the court's CM/ECF system and mailed copies to Plaintiff at her apartment. Defendants' Exh. B (Dkts. 15-2 and 16-2) at 1. Defendants also requested Plaintiff withdraw her motion for default judgment. *Id*. Although Plaintiff did not withdraw the motion, Plaintiff does not dispute Defendants' attributing Plaintiff's lack of knowledge that Defendants had filed Answers to the Complaint to Plaintiff's failure to timely inform the court of her of new address.

The record thus establishes that Defendants did not default by failing to timely file Answers to the Complaint. Accordingly, Plaintiff's request for entry of default is DENIED.

**2.        Appointment of Counsel and Extension of Time**

Plaintiff moves pursuant to 28 U.S.C. § 1915(e)(1) for appointment of counsel and also requests an extension of time "to coordinate with *pro se* counsel." Plaintiff's motion for counsel and extension at 1. Defendants take no position on the motion. Defendants' letter at 1.

Although there is no constitutional right to appointed counsel in civil cases, under 28 U.S.C. § 1915(e), the court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include whether (1) the indigent's claims seem likely to be of substance; (2) the indigent is able to investigate the crucial facts concerning her claim; (3) conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) the legal issues involved are complex; and (5) there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

The court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even

6

though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Here, the court has carefully reviewed the Amended Complaint and finds that despite the dismissal of Plaintiff's ADA and Rehabilitation Act claims, there is substance to Plaintiff's FHA claim. Nevertheless, the crucial facts necessary to establish Plaintiff's FHA claim, as well as any conflicting evidence Defendants may present, should be within Plaintiff's ability to investigate. Further, the legal issues involved, specifically, whether Defendants failed to make repairs to accommodate Plaintiff's asserted impairments, are not complex and Plaintiff fails to identify any special reasons why appointment of counsel would be more likely to lead to a just determination.

Based on this review, the court finds the Complaint lacks sufficient merit to assign counsel. Plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se.* 28 U.S.C. § 1654. To assist plaintiff in pursuing this case *pro se*, the Clerk of Court is directed to send plaintiff the court's booklet entitled *Pro Se* Litigation Guidelines.

Plaintiff's further request for an extension of time "to consult with *pro se* counsel," Plaintiff's motion for counsel and extension at 1, is rendered moot by the denial of Plaintiff's request for appointment of counsel. Nevertheless, given Plaintiff request for the extension of time was not addressed prior to the September 16, 2024 deadline for

providing the court with proposed case management orders, Plaintiff is granted additional time to provide such proposed case management order.

## CONCLUSION

Based on the foregoing, Plaintiff's motion seeking default judgment, treated as a motion for entry of default (Dkt. 11), is DENIED; Plaintiff's motion for counsel and an extension of time (Dkt. 13), is DENIED as to the request for counsel, and GRANTED as to the request for an extension of time.  Plaintiff is to file her proposed case management order **by June 15, 2025**.  The Clerk of Court is DIRECTED to send plaintiff the court's *Pro Se* Litigation Guidelines booklet.
SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     May 27, 2025
           Buffalo, New York

**Pursuant to Fed.R.Civ.P. 72(a), Petitioner shall have fourteen (14) days from service of this Decision and Order to file written objections with the District Judge.**